IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| NATALIE BAILEY,<br><br>        Respondent,<br><br> v.<br><br>UNIVERSAL HEALTH SERVICES,<br>INC.; PHILIP HERINK, Chief<br>Executive Officer of Schick Shadel<br>Hospital,<br><br>        Appellants. | No. 78365-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br><br>FILED: August 19, 2019 |

CHUN, J. — Natalie Bailey filed a lawsuit against her employer. In response, the employer filed a motion to compel arbitration, claiming that Bailey had failed to "opt out" of the company's Alternative Resolution of Conflicts (ARC) Program for corporate dispute resolution. After an evidentiary hearing, the trial court denied the motion, finding that Bailey's last objective manifestation of her intent was her indication that she did not understand the terms of the ARC Program and thus that she did not assent to the terms of the arbitration agreement. We affirm.

I.
BACKGROUND

Bailey began working as a Licensed Practical Nurse for Schick Shadel Hospital (Hospital) in May 2012. In October 2013, the Hospital introduced the ARC Program for corporate dispute resolution. The Hospital did not make the ARC Program mandatory for its employees. Employees could decline to

participate by completing an "Opt Out Form." For those employees who did not opt out, the ARC Program included binding arbitration.

The Hospital educated employees and conducted trainings through HealthStream, an online training and education management system. Each employee had a unique user name and password for HealthStream. When the Hospital introduced the ARC Program, it required all employees to complete the ARC Course through HealthStream.

The ARC Course consisted of four steps. First, the employee opened and reviewed the ARC Summary, which provided a brief overview of the program. Next, the employee opened and reviewed the more detailed ARC Agreement, describing the application of the ARC Program, including the arbitration process. The ARC Agreement articulated the employee's right to opt out of arbitration:

> **Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.** In order to Opt Out of Arbitration, the Employee must submit a signed and dated statement on a "Alternative Resolution for Conflicts Agreement Opt Out Form" ("Form") that can be obtained from the Company's local or corporate Human Resources Department. In order to be effective, the signed and dated Form must be returned to the Human Resources Department within 30 days of the Employee's receipt of this Agreement. An Employee who timely opts out as provided in this paragraph will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. **Should an Employee not opt out of this Agreement within 30 days of the Employee's receipt of this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and the Company.** An Employee has the right to consult with counsel of the Employee's choice concerning this.

2

For the third step of the ARC Course, employees opened and reviewed the ARC Acknowledgement Form, which summarized the dispute resolution procedure. It included an acknowledgment of the receipt of the ARC Agreement and Opt Out Forms as well as an acknowledgement of the responsibility to review the ARC agreement. The Acknowledgement reiterated that employees could opt out of the ARC Program within 30 days:

> I understand that Arbitration is not a mandatory condition of employment. I understand that I may opt out of the ARC Program by submitting a completed Opt-Out Form in person, by fax, or mail to the Human Resources Department within thirty days of the date below. I understand that if I opt out of the ARC Program, I will not be subject to any adverse employment action as a consequence of that decision and may pursue any available legal remedies.
>
> **I FURTHER UNDERSTAND THAT IF I DO NOT OPT OUT OF THE ARC PROGRAM WITHIN THIRTY DAYS OF TODAY'S DATE, I WILL BE BOUND BY THE ARC AGREEMENT.**

Finally, in the fourth step, the employee completed the ARC Attestation. The ARC Attestation required the employee to choose one of two options: (1) "I acknowledge this course contains the ARC Program materials, and I have had an opportunity to review them," or (2) "I acknowledge this course contains the ARC Program materials, but have difficulty understanding or accessing the information." The second option includes the instruction, "Please go back and review steps 1, 2, and 3. If you are still having difficulty accessing or understanding any information, **please contact your Human Resources Department immediately as you only have 30 days to decide whether to opt out of the ARC program.**" An employee could not complete the ARC Attestation without completing the prior steps. Universal Health Services (UHS)

acknowledges that Bailey selected ARC Attestation option 2, indicating difficulty understanding the ARC Program information, and received the accompanying instruction to review or seek assistance immediately due to the 30-day window to opt out of the program.

The ARC Course also included an opt out form, titled "OPTIONAL- Opt Out Form." Successful completion of the ARC Course did not require employees to click on and review the opt out form. Highlighted language on the opt out form stated "**USE ONLY IF YOU DO NOT WANT TO PARTICIPATE IN THE ARC PROGRAM**."

According to HealthStream, Bailey completed the ARC Course and received a certificate of completion on October 24, 2013. Bailey's HealthStream transcript shows that she spent 55 minutes on the ARC Course. In contrast, an audit report of Bailey's activities in HealthStream reflects that she finished the ARC Course in approximately six minutes. According to Elaine Oksendahl, Director of Human Resources for Schick Shadel, Bailey never completed the opt out form or contacted Human Resources for additional information about the ARC Program. Bailey admits that she did not submit a signed ARC Agreement opt out form at any time.

In October 2017, Bailey filed a lawsuit against UHS and Philip Herink (collectively, UHS), the chief executive officer of this hospital. She claimed interference with her right to family leave and racial discrimination and retaliation under the Washington Law Against Discrimination. After receiving notice of the lawsuit, UHS attempted to contact Bailey's counsel to request arbitration under

the ARC Program. When Bailey did not respond to its request, UHS moved to stay the proceedings and compel arbitration.

Bailey opposed the motion to compel. In a declaration, Bailey stated she was unaware of the ARC Agreement until 2015 when the nurses received a packet of information with the form included. According to Bailey, the information was confusing and neither the Director of Nursing nor Oksendahl in Human Resources provided assistance in understanding the documents. Bailey stated that she voiced her concerns about the ARC Agreement to Human Resources to no avail.

In response to Bailey's declaration, UHS requested limited discovery and an evidentiary hearing to resolve the factual disputes about the ARC agreement. The trial court granted an evidentiary hearing with oral argument, and permitted limited discovery relating to the validity of the arbitration agreement.

Oksendahl and Bailey testified during the evidentiary hearing. Bailey testified that she learned about the ARC Program in 2015 when all the healthcare workers received packages of documents, including the ARC opt out form. Bailey said they were asked to sign and backdate documents to 2013. According to Bailey, she did not receive an opt out form so she went to Oksendahl to request one. Oksendahl never provided her with a form and nobody could explain the program to her. Bailey also stated that she told other nurses, Oksendahl, and the Director of Nursing that she did not want to participate in the ARC Program.

Oksendahl testified that Bailey competed the ARC Course on October 24, 2013. Bailey had access to the opt out form online but failed to submit a signed form. Oksendahl further stated that Bailey never informed her of an intention to opt out of the ARC Program.

Upon conclusion of the evidentiary hearing, the trial court denied UHS's motion to compel arbitration. The court determined Bailey did not assent to the ARC Agreement and the parties never formed a contract, because "the last undisputed objective manifestation by Plaintiff was that she did not understand the arbitration material." UHS appeals.

II.
DISCUSSION

UHS argues that Bailey's failure to opt out amounts to an objective manifestation of her acceptance of the ARC Agreement, despite evidence that she failed to understand the program materials. Bailey claims she never assented to the terms of the ARC Agreement as required for a valid contract. We agree with Bailey.

The Federal Arbitration Act[1] (FAA) provides that written arbitration agreements are valid, irrevocable, and enforceable except upon grounds that exist at law or in equity for revocation of a contract. 9 U.S.C. § 2; RCW 7.04A.060(1). The United States Supreme Court has established a liberal policy favoring arbitration agreements. Zuver v. Airtouch Commc'n Inc., 153 Wn.2d 293, 301, 103 P.3d 753 (2004). Therefore, "[c]ourts must indulge every

---

[1] The FAA applies to all employment contracts except those of certain transportation workers. Zuver v. Airtouch Commc'n Inc., 153 Wn.2d 293, 301, 103 P.3d 753 (2004). Therefore, the FAA governs enforcement of the Hospital's ARC Agreement. The parties agree.

6

presumption 'in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Zuver, 153 Wn.2d at 301 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). However, generally applicable contract defenses may invalidate an arbitration agreement without contravening the FAA. Zuver, 153 Wn.2d at 302.

Appellate courts review de novo a trial court's decision on a motion to compel arbitration and the party opposing arbitration bears the burden of proving that the agreement is not enforceable. Zuver, 153 Wn.2d at 302. But the standard of review differs where, as here, the trial court reached its decision after conducting an evidentiary hearing. In such cases, "[u]nderlying factual findings are reviewed for clear error,[2] while '[t]he interpretation and meaning of contract provisions' are reviewed de novo." Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014) (quoting Milenbach v. Comm'r, 318 F.3d 924, 930 (9th Cir. 2003) (internal citation omitted)). Where the trial court has weighed the evidence, the reviewing court's role is limited to determining whether substantial evidence supports the findings of fact, and whether those findings in turn support the trial court's conclusions of law. Ford Motor Co. v. City of Seattle, Exec. Servs. Dep't., 160 Wn.2d 32, 56, 156 P.3d 185 (2007). "Substantial evidence to

---

[2] Federal clear error review mirrors Washington's substantial evidence review. Noll v. Special Elec. Co., No. 77888-9, slip op. at 3 (Wash Ct. App. Jul. 1, 2019) (as amended Jul. 2, 2019), https://www.courts.wa.gov/opinions/pdf/778889%20order%20amending%20and%20opinion.pdf.

support a finding of fact exists where there is sufficient evidence in the record 'to persuade a rational, fair-minded person of the truth of the finding.'" Hegwine v. Longview Fibre Co., 162 Wn.2d 340, 353, 172 P.3d 688 (2007) (quoting In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004)).

"The duty to arbitrate arises from a contractual relationship." Olson v. Bon, Inc., 144 Wn. App. 627, 633, 183 P.3d 359 (2008). A valid contract requires mutual assent or a "meeting of the minds" on the essential terms. Saluteen-Maschersky v. Countrywide Funding Corp., 105 Wn. App. 846, 851, 22 P.3d 804 (2001). Washington follows the objective manifestation theory of contracts where "we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than the unexpressed subjective intent of the parties." Hearst Commc'n, Inc. v. Seattle Time Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005). Therefore, "mutual assent of the parties must be gleaned from their outward manifestations." Saluteen-Maschersky, 105 Wn. App. at 854.

Generally, the existence of mutual assent or a meeting of the minds is a question of fact. Sea-Van Investment Assocs. v. Hamilton, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994). The party asserting the existence of the contract has the burden of proof, including the existence of mutual intention. Saluteen-Maschersky, 105 Wn. App. at 851. Therefore, UHS must establish that Bailey entered into a valid contract for arbitration before the burden shifts to her to prove the agreement is not enforceable.

The trial court determined that the "last undisputed objective manifestation by the Plaintiff was that she did not understand the arbitration material." As a

result, "Plaintiff never assented to the contract, the thirty-day opt-out period never commenced, and no agreement to arbitrate was formed." This amounts to a finding of fact that Bailey and UHS failed to arrive at a meeting of the minds on the ARC Agreement. UHS does not assign error to this finding of fact, resulting in a verity on appeal. See Robel v. Roundup Corp., 148 Wn.2d 35, 43, 59 P.3d 611 (2002). Without mutual assent, the trial court correctly concluded the parties failed to enter a valid contract. As a result, Bailey does not have a contractual duty to arbitrate, and the trial court properly denied UHS's motion to compel.

Additionally, substantial evidence in the record supports the trial court's finding that Bailey did not assent to the terms of the ARC Agreement. The record demonstrates that Bailey completed the ARC Course as required. She acknowledged receipt of the ARC Agreement, which allowed her to opt out within 30 days. However, Bailey's selection of option 2 on the ARC Attestation, "I acknowledge this course contains the ARC Program materials, but have difficulty understanding or accessing the information," belies an intent to be bound by the terms of the ARC Agreement. In assessing the parties' objective manifestation of intent, this expressed difficulty in understanding the Agreement or accessing pertinent information suggests a failure to achieve mutual assent on the terms. Therefore, UHS fails to satisfy the burden of proving the existence of a contract.

In light of the foregoing, we agree with the trial court that Bailey did not manifest her assent to the ARC agreement and the parties never formed a contract to arbitrate. Without a valid contract, Bailey does not have a duty to

arbitrate. Therefore, we affirm the trial court's denial of the motion to compel arbitration.

      Affirmed.

                                       Chun, J.

WE CONCUR:

                                       Andrus, J.